UNITED STATES of America,
Plaintiff-Appellee,

v.

Harold HAIMOWITZ,
Defendant-Appellant.

No. 81-6011.

United States Court of Appeals,
Eleventh Circuit.

Aug. 15, 1983.

Lacy Mahon, Jr., Mahon, Mahon & Farley, Jacksonville, Fla., for defendant-appellant.

Elizabeth E. Hoyt, John E. Steele, Asst. U.S. Attys., Jacksonville, Fla., for plaintiff-appellee.

(Opinion June 13, 1983, 11 Cir., 1983, 706 F.2d 1549)

Before GODBOLD, Chief Judge, RONEY, Circuit Judge, and PITTMAN *, District Judge.

PER CURIAM:

Appellant Harold Haimowitz requests a rehearing/rehearing en banc based inter alia on the contention that this court's treatment of the issue of probable cause is in conflict with the Supreme Court's opinion in *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Subsequent to the preparation of our opinion in this appeal, the United States Supreme Court announced its opinion in *Illinois v. Gates.* In that case the legal tests announced in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. U.S.,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) were disapproved and replaced with a single "totality of circumstances" test that intertwines the factors that illuminate the probable cause issue in evaluating the sufficiency of search warrant affidavits based on informant's allegations. *See id.,* —— U.S. at —— ——, 103 S.Ct. at 2324–28.

The court has re-examined the totality of circumstances surrounding the issuance of

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

the search warrant in the instant case and concludes that the affidavit supporting that search warrant was sufficient.

The remaining contentions are without merit.

The petition for rehearing is DENIED and no member of this panel nor judge in regular active service of the court having requested that the court be polled on rehearing en banc (Rule 35, Fed.R.App.P; Eleventh Circuit Rule 26), the suggestion for rehearing en banc is DENIED.